FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 01, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA STONE,<br><br>    Plaintiff,<br><br>v.<br><br>LINCARE, INC.,<br><br>    Defendant. | NO: 2:17-CV-337-RMP<br><br>ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 4. Defendant Lincare, Inc., moves this Court to dismiss Plaintiff Amanda Stone's third claim for relief. ECF No. 4. Ms. Stone did not respond to Lincare's motion. The Court has reviewed Lincare's Motion and Ms. Stone's Complaint, and is fully informed.

**BACKGROUND**

Ms. Stone filed this lawsuit against Lincare alleging claims of discrimination based on her sex in violation of the Washington Law Against Discrimination, RCW 49.60 et seq.; discrimination based on her disability in violation of the Washington

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 1

Law Against Discrimination; and Lincare's failure to pay Ms. Stone the wages owed to her in violation of RCW 49.52.050(2). ECF No. 1 at 8-9.

The Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy. Plaintiff Stone is a resident of the state of Washington. ECF No. 1 at 2. Defendant Lincare is a Florida corporation with its principal place of business in Florida. *Id.* The amount in controversy is $100,000, which exceeds the statutory requirement of $75,000. *Id.*

## DISCUSSION

*Plaintiff's Failure to Respond to Defendant's Motion*

Defendant Lincare moves this Court to dismiss Ms. Stone's third claim for relief, regarding Lincare's alleged failure to pay Ms. Stone the wages owed to her in violation of RCW 49.52.050(2). *See* ECF No. 4. Ms. Stone failed to respond to Lincare's Motion to Dismiss for Failure to State a Claim. Local Rule 7.1(b) requires a represented party to respond to a dispositive motion within 21 days after the filing of the dispositive motion. Violation of LR 7.1 (b) "may be deemed consent to the entry of an Order adverse to the party who violates these rules." LR 7.1(d). However, the Court will consider the arguments presented by Lincare before deciding the motion.

*Legal Standard for Rule 12(b)(6) Motion to Dismiss*

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R.

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 2

Civ. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

*Analysis of Defendant's Arguments*

Defendant Lincare moves this Court to dismiss Ms. Stone's third claim for relief, regarding Lincare's alleged failure to pay Ms. Stone the wages owed to her in violation of RCW 49.52.050(2). *See* ECF No. 4. RCW 49.52.050(2), in relevant part, penalizes employers "who . . . willfully and with intent to deprive [an] employee of any part of his or her wages, . . . pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.070 creates civil liability for any employer who violates RCW 49.52.050(2) and provides that the wronged employee may be entitled to "twice the amount of wages unlawfully rebated or withheld."

Lincare argues that Ms. Stone's Complaint contains no factual allegation that she was not paid by Lincare for all hours worked. ECF No. 4 at 2. Ms. Stone's Complaint alleges that her hourly rate of pay in her position at Lincare was $14.00, and that she worked 40 hours each week in addition to approximately seven hours of overtime each month. ECF No. 1 at 7. She alleges that she was diagnosed with narcolepsy and experienced narcolepsy-related issues. *Id.* at 7-8. Ms. Stone further alleges that she received warnings from Lincare concerning her work attendance and performance, and that she received a termination notice from Lincare. *Id.* at 8. In her first and second claims for relief, Ms. Stone alleges that Lincare discriminated against her in violation of the Washington Law Against Discrimination and that, as a result, Ms. Stone "sustained economic damages consisting of wage loss." *Id.* at 8-9.

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 4

With regards to her third claim, *id.* at 9, Ms. Stone states, "The allegations set forth above are hereby incorporated by reference [sic] as if fully set forth." Arguably, if Ms. Stone was discriminated against in a manner that led to the termination of her employment, as she alleges, she could have sustained lost wages as a result.

Lincare argues that, even if Ms. Stone alleged that Lincare failed to pay her for all hours worked, the "double damages" pursuant to RCW 49.52.070 are not available where an employer violates an anti-discrimination statute. *Id.* at 3. In support of its argument, Lincare cites *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174 (9th Cir. 2002), which held that plaintiffs alleging violations of anti-discrimination statutes were not entitled to double damages. *Id.* at 1204. *Hemmings* states that "Washington courts have not extended RCW 49.52.050 to situations where employers violate antidiscrimination statutes." *Id.* at 1203. Instead, "violations of [RCW 49.52.050] have been upheld where an employer consciously withholds a quantifiable and undisputed amount of accrued pay." *Id.* The *Hemmings* court distinguished the statute's use of "obligated," noting that "obligated" indicated a pre-existing duty, while a defendant's "obligation" to pay a plaintiff based upon a verdict is a "retrospective" duty. *Id.*

Thus, even if Ms. Stone sustained lost wages as a result of Lincare's alleged discriminatory conduct, the Court finds Ms. Stone has failed to state a claim upon which relief may be granted because she has not alleged that Lincare failed to pay her wages due for hours that she worked.

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim, **ECF No. 4**, is **GRANTED**.

2. Plaintiff's third claim for relief regarding Lincare's alleged failure to pay Ms. Stone the wages owed to her in violation of RCW 49.52.050(2) is **DISMISSED WITH PREJUDICE**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 1, 2017.

                                *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                   United States District Judge